## BURT v. COATS.

## COATS v. BURT.

PATENTS; INTERFERENCE; DISCLOSURE.

1. In an interference involving the invention of means for operating a single sleeve valve in a four-cycle internal combustion engine, the disclosure by one of the parties in the provisional specification of an application filed by him in Great Britain was *held* to disclose the elements of the invention as described in one of the counts of the issue, sufficient to enable one skilled in the art to understand their construction and mode of operation.

2. Where an interference involves an improvement in a well-developed art, and it is convincingly established that one of the parties is the prior inventor of the broad subject-matter of the improvement, the more specific counts of the issue should be interpreted in the light of the general disclosure.

3. Where, in an interference involving the invention of means for operating a single-sleeve valve in a four-cycle internal combustion

engine, the question was as to whether one of the parties had disclosed in the provisional specification of his British application the invention as described in one of the counts of the issue, and it appeared that in such provisional specification he stated that the sleeve "is slightly longer than the full length of the cylinder, the extra length projecting beyond the lower or outer end of the cylinder itself, where it is provided with a pin, projecting from and jointed to its outer circumference, which pin is engaged by a crank disc, or the like," while in his application in interference he described the crank pin as having "its projecting outer end hinged to the ears aforesaid on the lower end of the sleeve," it was *held*, reversing a decision of the Commissioner to the effect that the pin on the cylinder in addition to the crank pin was not described in the British specification, that the word "jointed" in that specification necessarily meant a hinge joint, and. giving it that meaning, disclosure was made of the hinge pin which connected the crank pin to the valve sleeve.

Nos. 1112 and 1113. Patent Appeals. Submitted November 13, 1917.
Decided December 3, 1917.

HEARING on appeals from decisions of the Commissioner of Patents in an interference proceeding.
*Affirmed in part and reversed in part.*

The facts are stated in the opinion.

*Mr. James A. Watson* and *Mr. H. J. S. Dennison* for Burt.

*Mr. Hugh S. Hill* and *Mr. Russell M. Everett* for Coats and Cameron.

Mr. Justice ROBB delivered the opinion of the Court:

Appeals from decisions of the Patent Office in an interference proceeding.

There were three counts before the tribunals below, and they read as follows:

"1. A four-cycle engine valve system, comprising a main cylinder having inlet and outlet ports located substantially in the same plane, at right angles to the axis of the cylinder and

near its head, a separately movable valving cylinder having ports that coact with the main cylinder ports, a piston moving within the valving cylinder, means for oscillating said valving cylinder with less than semirotation, to carry the ports into and out of registry laterally, and means for reciprocating said valving-cylinder with a stroke less than the stroke of the piston to carry said ports into and out of alinement longitudinally, for controlling the admission, compression, retention during explosion, and final expulsion of the working medium.

"2. The combination with a cylinder of an internal combustion engine having inlet and exhaust ports, of a sleeve in axial coincidence with said cylinder and having ports adapted to register with said ports of the cylinder, an eccentric longitudinal projection on said sleeve, a crank having its axis substantially perpendicular to the axis of the sleeve, means pivotally connecting said crank to said projection, and means for turning said crank.

"3. The combination with a cylinder on an internal combustion engine having inlet and exhaust ports, of a sleeve in axial coincidence with said cylinder and having ports adapted to register with said ports of the cylinder, a pin projecting eccentrically and longitudinally from said sleeve, a rotary member having its axis substantially perpendicular to the axis of the sleeve, and a crank pin connecting said rotary member and pin and having a sliding engagement with one of said parts."

The Patent Office tribunals in turn awarded counts 1 and 2 to Peter Burt, and Allan Coats and William Cameron have acquiesced in the award as to count 1, but have appealed as to count 2. The Examiner of Interferences and the Board of Examiners in Chief awarded priority to Burt as to count 3, but the Commissioner, according the count a more strict and technical interpretation, awarded it to Coats and Cameron, and Burt appealed.

The invention marks an advance in an art that already was quite well developed and relates to means for operating a single-sleeve valve in a four-cycle internal combustion engine, so as to give the valve both a longitudinal and a lateral or oscillating movement, by which the inlet and exhaust ports of the engine

are opened and closed at the proper time. In other words, by this invention simpler means are provided for accomplishing the purpose sought.

Neither party has taken testimony, Burt relying upon the filing date of his British provisional specification of August 6, 1909, and his complete specification on February 2, 1910. While Coats and Cameron filed a provisional specification on July 19, 1909, they here rely upon their complete specification filed January 17, 1910. If, therefore, the Burt provisional specification contains a disclosure of counts 2 and 3, here in issue, priority must be awarded him.

While we have carefully considered the contentions of Coats and Cameron as to count 2, we nevertheless are convinced that the tribunals of the Patent Office correctly found that Burt, in his provisional specification, sufficiently disclosed the elements of this count to enable one skilled in the art to understand their construction and mode of operation. For the reasons stated by the tribunals of the Patent Office, we affirm their decision as to this count.

The Commissioner based his reversal of the decisions of the lower tribunals as to count 3 upon the ground that this count specifies a pin on the cylinder in addition to the crank pin, and that this pin is not described in Burt's provisional specification. Where, as here, we are dealing with an improvement in a well-developed art and it is convincingly established that one party is the prior inventor of the broad subject-matter of that improvement, the more specific counts should be interpreted in the light of the general disclosure. While no drawing accompanied Burt's provisional specification, he did say that "the sleeve is slightly longer than the full length of the cylinder, the extra length projecting beyond the lower or outer end of the cylinder itself, where it is provided with a pin, projecting from and jointed to its outer circumference, which pin is engaged by a crank disc, or the like." In his American application Burt describes the crank pin as having "its projecting outer end *hinged* to the ears aforesaid on the lower end of the sleeve;" but having in mind that these specifications are addressed to those skilled in the art, it would be giving the word "jointed"

D. C.]                     Syllabus.

in the British specification a strained and unnatural interpreta-
tion, we think, to hold that it meant anything other than a
hinge joint.   Of course, a rigid joint would have made impos-
sible the desired motion of the valve sleeve.   Giving the word
"jointed" the meaning which it would convey to anyone
familiar with the art, we have the hinge pin which connects the
crank pin to the valve sleeve.   In other words, the statement in
Burt's provisional specification that the crank pin is *jointed*
to the valve sleeve and the disclosure as to how the valve sleeve
is to move when the crank pin is actuated by the crank disc, is
a sufficient disclosure of the pin to which the Commissioner
refers.   It will not be denied that a hinge joint is a well-known
device, and, in employing such a joint, Burt disclosed "a pin
projecting eccentrically and longitudinally from said sleeve,"
for the hinge joint pin is such an element.

The decision is affirmed as to count 2 and reversed as to
count 3.


A petition for a rehearing was denied December 22, 1917.